UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.
3:07CV478-J

CHANCEY R. BOWMAN             PLAINTIFF

VS.

MICHAEL J. ASTRUE,
       Commissioner of Social Security             DEFENDANT

<u>MEMORANDUM OPINION</u>

Before the Court is the complaint of Chancey Bowman ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

<u>PROCEDURAL HISTORY</u>

On May 23, 2005, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that he became disabled as of April 1, 2002. After a hearing, Administrative Law Judge Kimberlin ("ALJ") determined that claimant's panic disorder, bipolar disorder, agoraphobia, and dependent personality disorder were severe impairments that prevented him from performing his past relevant work as a machinist and meat-cutter. However, the ALJ further found that Mr. Bowman retained the residual functional capacity to perform a significant number of jobs. This became the final decision of the Defendant when the Appeals Council denied review on July 13, 2007.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Claimant contends that the ALJ erred in failing to follow proper procedures to evaluate the opinions of the treating psychiatrist, Dr. Pointer. When Dr. Pointer first saw claimant in October of 2001, he opined that the patient was "entirely unable to work outside the home" as a result of agoraphobia. Tr. 216. This appears to be the opinion that plaintiff argues was improperly rejected.

The courts have long held that the treating physician – especially one who has seen the patient over a period of time -- is in a unique position to evaluate the functional impact of an impairment on her or his patient, and the law recognizes the importance of that point of view by according deference to the opinions of treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court again confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ

to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician.  See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, erg.,  Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to controlling weight if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record."   20 C.F.R. S 404.1527(d)(2)(1999).  In other words, the opinion of a treating physician need not be given *controlling* weight unless supported by clinical or diagnostic findings. See  Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997);  Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v.  Heckler, 742 F.2d 968, 973 (6th Cir.1984).

However,  "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight.  Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007).  In this case, the opinion of paralyzing agoraphobia was not uncontradicted. Thus, the question is whether the ALJ granted to Dr. Pointer's opinion the required deference, even if the opinion did not qualify for controlling weight.

After examining the ALJ's analysis, the Court concludes there was no error.  The ALJ noted that Mr. Bowman's treatment has been rather limited.  Indeed, Dr. Pointer only sees his patient every three months. Tr. 237   In June of 2005, claimant "adamantly refused" Dr. Pointer's suggestion of a mood stabilizing medication.  Tr. 203.  Three months later, Dr. Pointer described him as "his usual moderately pressured self," but explicitly noted that he was euthymic

3

and Dr. Pointer decided to stick with xanax as a treatment. Tr. 202.

In November of 2005, Dr. Pointer reiterated that he was treating claimant for panic disorder with agoraphobia. He was unable to answer questions regarding plaintiff's ability to work, but he did note that when plaintiff "stays withdrawn on his own or with his family, his anxiety is well controlled. In that setting, he's able to perform chores and pursue his avocation of raising fish quite successfully." Tr. 201. That is, there is no evidence that any mood disturbance or panic disorder interferes with Mr. Bowman's daily activities at all so long as he is not with strangers or outside his home environment, and Mr. Bowman concedes that is true. Tr. 243. Consequently, a very significant question is the extent to which plaintiff encounters limitations when he *is* with strangers or when he leaves home.

Mr. Bowman must go "into the world" when he sees Dr. Pointer, yet the office notes do not record any serious problems in making these visits. Indeed, Dr. Pointer's notes describe him as "pressured as usual," but euthymic. The Global Assessment of Functioning scores are not controlling, but they do provide some guidance regarding what the treating physician was observing during this period. The GAF scores assigned by Dr. Pointer describe Mr. Bowman as having only mild symptoms, occasionally dipping to moderate. Furthermore, it should be noted that most of Dr. Pointer's treatment of Mr. Bowman occurred prior to the time in early 2006 when plaintiff terminated his daily use of marijuana and other illegal drugs. Tr. 239-240.

It might be argued that after a relationship of several years, Mr. Bowman is not tense or anxious around Dr. Pointer. Thus, an even more significant question is what happens to Mr. Bowman when he is not only out of the house and "in the world," but also interacting with strangers. These circumstances obtained when he appeared for a consultant examination and when he appeared at the administrative hearing. Examination of the record shows behavior and

4

affect in such situations very similar to that recorded in Dr. Pointer's office notes (i.e, mild symptoms).  When Dr. Lynch, a stranger to Mr. Bowman, examined plaintiff in his office in July of 2005, he observed normal attention, concentration, eye contact, recall and memory, speech flow, thought content and facial expressions.  Dr. Lynch recorded Mr. Bowman's report that he "suffer[s] panic attacks only when he goes for job interviews and during the beginning of his employment."  Tr. 132-133.    Dr. Lynch concluded that Bowman suffered from slight limitations in his ability to tolerate stress of day-to-day employment and in his ability to respond appropriately to supervisors and coworkers.  Tr. 134.

  An ALJ does not have the expertise to make medical judgments, and ALJ Kimberlin did not attempt any such medical judgment.  Nonetheless, "the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly."  Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987).   The setting of a legal hearing is foreign to many people, and nervousness is hardly unusual.  Nonetheless, the ALJ did not note any unusual demeanor, and the written transcript reflects that Mr. Bowman understood and answered questions appropriately without apparent difficulty.  Plaintiff's counsel did not elicit any information about any difficulties experience by his client in attending the hearing.

  The 2001 statement by Dr. Pointer was made after only one visit, and it was necessarily based on Mr. Bowman's self-report.  Dr. Pointer has not reiterated that assessment, and in his most recent statement, he declined comment on Mr. Bowman's ability to do work-related tasks.  Apart from Mr. Bowman's own statements that he cannot go out into the world,  nothing in the record – not the treating psychiatrist's office notes, not Mr. Bowman's treatment records, not the consultant's examination – supports the claim that plaintiff's agoraphobia prevents him from performing gainful employment.  The Court finds no error in the ALJ's analysis of the opinion of

the treating physician, and the Court further determines that substantial evidence supports the decision of the Commissioner.

An order in conformity has this day entered.